UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80118-CR-HURLEY

UNITED STATES OF AMERICA
    plaintiff,

vs.
CLARENCE LEE MOREE,
    defendant.
_____/

## MEMORANDUM OPINION & ORDER
## MODIFYING THE TERMS OF DEFENDANT'S SUPERVISED RELEASE

This case is before the court on the petition for modification of terms of supervised release filed by the defendant's probation officer, who recommends that the following special conditions be added to the terms of defendant's supervised release:

**(1) Sex Offender Treatment**: The defendant shall participate in a sex offender treatment program to include psychological testing and polygraph examination. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

**(2) No Unsupervised Contact with Minors**: The defendant shall have no unsupervised, personal, mail, telephone or computer contact with children/minors under the age 18.

**(3) No Contact with Minors in Employment**: The defendant shall not be employed in a job requiring contact with children under the age of 18 or with the victim.

**(4) Permissible Computer Examination**: The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced examination of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

1

## Background

On April 17, 1990, the defendant was convicted by the State of Florida of lewd assault and sentenced to time served (166) days and six years probation. As a special condition of probation, he was ordered to have no contact with minors under the age of 17 without another adult present and to receive psychological/psychiatric evaluation and counseling if required.

On January 30, 2003, this court sentenced the defendant to 106 months imprisonment for conspiring to import 100 kilograms or more of marijuana [DE# 58]. A five year term of supervised release was imposed, with the following special conditions of supervised release:

(1) participation in drug and/or alcohol treatment program;

(2) maintenance of full time employment;

(3) submission to reasonable searches of person or property by the probation officer.

Although the PSI references the prior lewd assault conviction, it did not recommend any special conditions concerning sex offender treatment, nor did the court order any such treatment.

On June 26, 2006, the court re-sentenced defendant based upon a § 2255 petition concerning the use of the wrong criminal history category. A new sentence of 72 months imprisonment was imposed with proviso that all remaining terms and conditions of the original judgment remain in effect. [DE# 81].

On December 27, 2007, the defendant began his term of supervised release. On June 23, 2008, U.S. Probation Officer Frank E. Smith filed a request for summons and modification of the conditions of defendant's supervised release. Based on defendant's prior conviction for lewd assault, Smith requested the defendant to voluntarily submit to a psychological evaluation to determine if he needed sex offender treatment. Defendant agreed to an evaluation, and Larry

Auerbach, a licensed clinical social worker, performed the evaluation. After a series of interviews, Mr. Auerbach submitted a report stating that defendant showed high levels of denial, was resistant toward the assessment process and was engaged in "victim blaming." Mr. Auerbach further reported diagnostic considerations including chemical dependency, exhibitionism, paraphilia and voyeurism. Based on these considerations, Mr. Auerbach recommended that defendant be required to attend sex offender treatment along with imposition of the additional special conditions and restrictions set forth above.

On November 12, 2008, this court held a hearing to determine whether the modifications recommended by the probation officer would be appropriate. During the hearing, Mr Auerbach testified regarding his psychosexual/mental health evaluation of defendant and expressed concern that since his release from prison the defendant has been residing with his wife and an eight year old granddaughter. [According to the probation officer's report and request for modification, the defendant's wife is aware of the defendant's criminal history and was named but not formally charged in the 1989 lewd assault complaint involving his stepdaughter].

The granddaughter apparently assumed residence with the defendant's wife after the child's mother (the defendant's daughter) lost custody of all four of her children. [ The other three male children, ages 7, 10 and 12, currently live with their father]. The court heard testimony that there are no other family members available or willing to care for the granddaughter.

The defendant testified that he did not commit the assault which led to his prior conviction, that he is not a danger to minors and that he should not be required to attend sexual offender therapy or be prohibited from unsupervised contact with minors.

**Discussion**

Pursuant to 18 U.S.C. § 3583(e), district courts "may modify, reduce or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U. S. C .§ 3583(e)(2).  In modifying such conditions, courts are advised to consider the same factors that govern a defendant's original sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and the need for the sentence imposed "to afford adequate deterrence," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(B),(C) and (D). A condition of supervised release need only be reasonably related to any one or more of these factors. *United States v Abrar*, 58 F.3d 43, 36 (2d Cir. 1995).

In this case, having carefully reviewed the petition filed by the probation officer and considered the testimony presented at the hearing, the court agrees with the probation officer that the defendant's conditions of supervised release should be modified to include an additional condition requiring the defendant to participate in a sex offender and/or mental health treatment program as well as the other special restrictions recommended by the probation officer. As noted by Mr. Auerbach during the hearing, changes in the defendant's circumstances, including the expansion of his residence to include the harbor of his eight year old granddaughter, support the need for such treatment and the related restrictions urged by the probation officer.

Just as a district court has wide discretion when imposing the terms of supervised release, *United States v Guy*, 174 F.3d 859, 861 (7th Cir. 1999), it likewise has wide discretion in modifying the terms of that supervised release. *United States v Sines*, 303 F.3d 793 (7th Cir.

2002). In the exercise of that discretion here, the court finds it appropriate to amend the conditions of supervised release to include the challenged special conditions as part of defendant's sentence for his drug conspiracy offense. Each of the conditions is reasonably related to defendant's history and characteristics as a sex offender convicted of lewd assault on his stepdaughter; the circumstances of his current living arrangements, his need for treatment, and the public's need for protection from him. The proposed conditions are neither excessively restrictive nor inconsistent with the statutory purposes of sentencing.

Courts have consistently upheld the imposition of similar conditions following a conviction for a non-sex offense, provided the conditions are not overly broad or vague, whether imposed at time of original sentencing, *see e.g. United States v Dupes*, 513 F.3d 338 (2d Cir. 2008)(imposition of special condition of supervised release that related not to securities fraud conviction but to prior unrelated crime of possessing child pornography upheld), *cert. den.* 128 S. Ct. 1686 (2008),[1] or during later modification of supervised release proceedings. *See e.g. United States v Sines*, 303 F.3d 793 (7th Cir. 2002)(modification of conditions of supervised release for

---

[1] *See also United States v Reyes-Platero*, 278 Fed. Appx. 729 (9th Cir. 2008)(unpub.) (upholding condition of supervised release requiring defendant convicted of re-entry into United States after removal to participate in psychological/psychiatric counselor or sex offender treatment program as reasonably necessary for purposes of deterrence, protection of public and rehabilitation in light of defendant's relationship with thirteen year old girl); *United States v Peterson*, 248 F.3d 79 (2d Cir. 2001)(defendant convicted for bank larceny ordered to undergo sex offender treatment and stay away from places where children typically congregate based on his prior conviction for sexual abuse of child); *United States v Rosario*, 386 F.3d 166 (2d Cir. 2004)(sex offender registration required following conviction for drug related offense where defendant was previously convicted of sexual abuse of child); *United States v York*, 357 F.3d 14 (1st Cir. 2004)(defendant convicted of mailing threatening letter to estranged common law spouse directed to participate in sex offender program as condition of supervised release where defendant had twice been convicted of sexually assaulting young girls).

5

defendant convicted of bank fraud and mail fraud to include prohibition against contact with former roommate was within sentencing authority of district court were defendant had prior conviction for sexual exploitation of child, and roommate was convicted of possessing pornographic videotape showing defendant engaged in sexual activity with a minor); *United States v Liptak*, 2007 WL 1795748 (W.D. Va. 2007)(modifying conditions of supervised release to include requirement for participation in sex offender assessment and treatment plan where defendant moved to live closer to family after release from custody and expressed desire to have Internet access for employment purposes), *aff'd* 279 Fed. Appx. 222 (4th Cir. 2008).

In this case, the court finds that the defendant's unsupervised co-habitation with his eight year old granddaughter will jeopardize his ability to comply with the other conditions of his supervised release and place the child at risk. The requested modifications are based on the court's assessment, after considering the history and characteristics of the defendant, that the conditions will help deter the defendant from further criminal conduct and protect the public from further crimes.

## Conclusion

For reasons stated, the court will grant the petition on probation and supervised release filed by the defendant's probation officer.

The defendant's terms of supervised release are accordingly now modified to include the following special conditions:

**(1) Sex Offender Treatment**: The defendant shall participate in a sex offender treatment program to include psychological testing and polygraph examination. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment;

**(2) No Unsupervised Contact with Minors**: The defendant shall have no unsupervised, personal, mail, telephone or computer contact with children/minors under the age 18. **This specifically includes no contact with the granddaughter in question without the supervision of a competent adult over the age of eighteen. Further, supervision must be accomplished by the presence of an adult *other than* the defendant's wife, Bonnie Moree, or the defendant's son.**

**(3) No Contact with Minors in Employment**: The defendant shall not be employed in a job requiring contact with children under the age of 18 or with the victim; and

**(4) Permissible Computer Examination**: The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced examination of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this __16__ day of December, 2008.

_____
Daniel T. K. Hurley
United States District Judge

cc .

all counsel

Frank E. Smith
United States Probation Officer